UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Bethany Mort, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Marriot International, Inc.<br><br>    Defendant. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>JURY DEMAND |

Plaintiff, Bethany Mort ("Plaintiff"), individually and on behalf of all others similarly situated, and by and through the undersigned attorneys sues the Defendant, Marriot International, Inc. (hereafter "Defendant" or "Marriot"); and hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Marriot's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff and the Collective Members are current and former hourly employees of Marriot. Plaintiff brings this action on behalf of herself and all similarly-situated current and former hourly employees of Marriot who have not been all minimum and overtime wages due according law as a result of malfunctions with Marriot's timekeeping and payroll software (hereafter the "Collective Members").

3. The Collective Members are all current and former hourly employees of Marriot who have worked for Marriot within the state of Tennessee at any point from on or about December 11, 2021 to the present.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this district, Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

6. Plaintiff and the Collective Members in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL BACKGROUND

7. Marriot is a well-known hotel and resort company that, upon information and belief, operates approximately 150 properties within the state of Tennessee

8. Plaintiff was employed by Marriot at their Gaylord Opryland Hotel and Convention Center located at 2800 Opryland Dr, Nashville, TN 37214, from approximately January 1, 2022 through approximately January 30, 2022.

9. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

10. At all relevant times, Marriot determined the rate and method in which Plaintiff and the Collective Members would be paid, had the authority to hire and fire Plaintiff and the Collective Members, set the schedules for Plaintiff and the Collective Members and exercised control of Plaintiff's and the Collective Member's work for Marriot in all material aspects.

11. At all relevant times, Marriot has been Plaintiff's and the Collective Members' "employer" as defined by the FLSA.

12. At all relevant times, Plaintiff and the Collective Members have been Marriot's "employees" as defined by the FLSA.

13. At all relevant times, Marriot has been subject to the FLSA in its employment of Plaintiff and the Collective Members.

14. Upon information and belief, prior to December 11, 2021, Marriot utilized a cloud-based software platform branded "Kronos" for Marriot's timekeeping and payroll functions.

15. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Mar. 3, 2022).

16. Following the Kronos data breach, Marriot switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

17. Marriot's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Collective Members not being paid whatsoever for hours worked in violation of the minimum wage requirements of 29 U.S.C § 206 and not being paid one and one half times their regular rate of pay in violation of the overtime requirements of 29 U.S.C. § 207.

18. At all relevant times, Defendant failed to keep accurate time records and failed to accurately and timely pay all minimum and overtime wages required by the FLSA.

19. Plaintiff was hired by Marriot as a front desk agent, generally performing customer service functions at Marriot's Gaylord Opryland property.

20. At all relevant times, Plaintiff was to be paid by Marriot an hourly wage of $17.00.

21. Plaintiff worked for Marriot in excess of forty hours during the workweeks beginning and January 1, 2022 and January 8, 2022.

22. From the onset of Plaintiff's employment, Plaintiff was informed by Marriot management that their timekeeping and payroll system, Kronos, was malfunctioning.

23. As a result, Plaintiff and all of the hourly employees that she was aware of were instructed to track their hours worked without any organized or reliable timekeeping system.

24. Marriot began underpaying Plaintiff for her work from the onset of her employment.

25. For example, during Plaintiff's first week of employment, beginning January 1, 2022, Plaintiff worked in excess of forty (40) hours and she was paid gross wages of merely $10.65 for the entire workweek. (*See* paystub attached hereto as Exhibit "B").

26. Upon information and belief, all of Marriot's hourly employees were being similarly underpaid or not paid at all.

27. For example, on January 13, 2022, the same day that Plaintiff received the aforementioned $10.65 paycheck, Marriot sent an email to all hourly employees acknowledging that the Kronos malfunction was resulting in company-wide underpayments and thanking employees for their patience and understanding. (*See* Jan. 13, 2022 email attached hereto as Exhibit "C").

28. On January 25, 2022, Plaintiff received another email from Marriot management acknowledging that work continued to be underpaid or undpaid altogether and placing the onus of rectifying these non-payments on the employees who had not been paid. (*See* Jan. 25, 2022 email attached hereto as Exhibit "D").

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

30. Plaintiff and the Collective Members bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf and as a representative of individuals similarly situated who are current or former hourly employees employed by Marriot.

31. Defendant similarly subjected Plaintiff and the Collective Members to their policy and practice of not paying these employees for all hours worked and all hours worked in excess of forty hours in any given workweek violation of 29 U.S.C. § 206(a) and 207(a).

32. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

33. The Collective Members perform or have performed the hourly compensated work in the same or similar manner as Plaintiff.

34. Defendant's failure to pay full minimum wage or overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

35. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all of the Collective Members.

36. Plaintiff brings her FLSA minimum wage and overtime claims as a collective action on behalf of the following Collective:

> **The Collective Members are all of Defendant's current and former hourly employees employed within the state of Tennessee at any point between December 11, 2021 and the present.**

62. Defendant is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wages and overtime wages.

63. Defendant's unlawful conduct has been widespread, repeated, and consistent.

64. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

65. Upon information and belief, the individuals similarly situated to Plaintiff includes thousands of current and former employees of Defendant. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendant's possession, custody, or control, but it can be readily ascertained from their employment records.

66. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendant, via email at the last known email address known to Defendant, by text message to the last known telephone number known to Defendant, and by workplace posting at each of Defendant's properties.

### COUNT ONE: FAILURE TO PAY ALL MINIMUM WAGES DUE UNDER THE FLSA

67. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

68. At all relevant times, Plaintiff and the Collective Members were paid on an hourly basis.

69. Upon information and belief, prior to December 11, 2021, Marriot utilized a cloud-based software platform branded "Kronos" for Marriot's timekeeping and payroll functions.

70. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Mar. 3, 2022).

71. Following the Kronos data breach, Marriot switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

72. Marriot's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Collective Members not being paid whatsoever for hours worked in violation of the minimum wage requirements of 29 U.S.C § 206.

73. For example, during Plaintiff's first week of employment, beginning January 1, 2022, Plaintiff worked in excess of forty (40) hours and she was paid gross wages of merely $10.65 for the entire workweek. (*See* paystub attached hereto as Exhibit "B").

74. Defendant has failed to keep accurate time records for all hours worked by Plaintiff and the Collective Members.

75. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

76. Marriot knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members for all hours worked would

7

Case 3:22-cv-00164   Document 1   Filed 03/07/22   Page 7 of 11 PageID #: 7

violate the minimum wage provisions of the FLSA, and Marriot was aware of the FLSA's minimum wage. As such, Marriot's conduct constitutes a willful violation of the FLSA.

77. As such, Plaintiff and the Collective Members are entitled to judgment in their favor in the amount of all wages unpaid or untimely to Plaintiff and the Collective Members, an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: FAILURE TO PAY ALL OVERTIME COMPENSATION DUE UNDER THE FLSA

78. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

79. At all relevant times, Plaintiff was to be paid at by Marriot at a rate of $17.00 per hour.

80. Upon information and belief, prior to December 11, 2021, Marriot utilized a cloud based software platform branded "Kronos" for Marriot's timekeeping and payroll functions.

81. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Mar. 3, 2022).

82. Following the Kronos data breach, Marriot switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

83. Marriot's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Collective Members not being paid whatsoever for hours worked in violation of the overtime wage requirements of 29 U.S.C § 207.

84. For example, during Plaintiff's first week of employment, beginning January 1, 2022, Plaintiff worked in excess of forty (40) hours and she was paid gross wages of merely $10.65 for the entire workweek. (*See* paystub attached hereto as Exhibit "B").

85. Plaintiff should have been paid no less than $25.50 per hour for all hours worked in excess of forty hours, and she was not paid for her overtime records whatsoever.

86. Defendant has failed to keep accurate time records for all hours worked by Plaintiff and the Collective Members.

87. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

88. Marriot knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members for all hours worked in excess of forty hours in any given workweek would violate the overtime wage provisions of the FLSA, and Marriot was aware of the FLSA's overtime requirements. As such, Marriot's conduct constitutes a willful violation of the FLSA.

89. As such, Plaintiff and the Collective Members are entitled to judgment in their favor in the amount of all overtime wages unpaid or untimely to Plaintiff and the Collective Members, an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff and the Collective Members request that this Court enter Judgment against Defendant Marriot International, Inc. in their favor:

a. Awarding Plaintiff and the Collective Members all unpaid minimum wages as detailed herein

b. Awarding Plaintiff and the Collective Members an amount equal to all unpaid minimum wages as detailed herein as liquidated damages.

c. Awarding Plaintiff and the Collective Members all unpaid overtime wages as detailed herein;

d. Awarding Plaintiff and the Collective Members an amount equal to all unpaid overtime wages as detailed herein as liquidated damages.

e. Awarding Plaintiff and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff and the Collective Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

g. Granting a reasonable service award to Plaintiff; and

h. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of March 2022.

s/ *Anne Bennett Hunter*
Anne Bennett Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
anne@collinshunter.com

/s  *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

*Attorneys for Plaintiff*