# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BETHANY MORT, on behalf of herself and others similarly situated, | CASE NO. 3:22-cv-00164 |
| *Plaintiff,* | JUDGE ALETA A. TRAUGER |
| v. | |
| MARRIOT INTERNATIONAL, INC., *et al.,* | |
| *Defendants.* | |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE, NOTICE TO COLLECTIVE MEMBERS, APPOINTMENT OF CLAIMS ADMINISTRATOR, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS AND DISMISSING LAWSUIT WITH PREJUDICE

Before the Court is Plaintiff's Unopposed Motion For Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice and accompanying Memorandum of Law In Support of the same (together, the "Motion"). Plaintiff Bethany Mort ("Mort"), individually and on behalf of all others similarly situated, and Defendants Marriott International, Inc. and Marriott Hotel Services, Inc. (together, "Marriott") (collectively, the "Parties") have reached a Settlement and have requested Court-approval of their Settlement Agreement and Release ("Agreement"). After considering the Motion, including the Parties' Agreement and its exhibits, the Notice, and the submissions of Counsel, the Court hereby finds and orders as follows:

The Motion is **GRANTED.** The Court **FINDS** that the Parties' Settlement is fair, reasonable, and a just resolution of a *bona fide* dispute and thus **APPROVES** the Agreement in its entirety.

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement, unless otherwise noted in this Approval Order.

2. The Court **FINDS** that it has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Approval Order. Without affecting the finality of this Approval Order and the final judgment reflected herein, the Court hereby retains jurisdiction as to all matters relating to enforcement, and interpretation of the Agreement and of this Approval Order, and for any other necessary purpose.

3. The Court **APPOINTS**, for settlement purposes only, Hunter Law Firm and Simon Law Co. and their attorneys as Class Counsel for the purposes of the Settlement and the releases and other obligations therein. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and in the best interest of Mort and the Collective Members.

4. For settlement purposes only, the Court **CERTIFIES** a collective action under the FLSA consisting of the Collective Members.

5. The Court **APPROVES** the proposed Service Awards in the amounts of $7,500.00 for Mort and Opt-in Plaintiff Jerome Arnold. The Court is satisfied that the proposed Service Awards are comparable to awards approved by this Court and other courts within the Sixth Circuit in similar cases.

6. The Court **FINDS** Class Counsel's attorneys' fee award of $125,000, as requested in the Motion, is fair and reasonable and is **APPROVED**. As of September 25, 2023, Class Counsel have expended over 115 hours pursuing this matter resulting in $57,560.00 in lodestar attorney fees. This figure is sure to rise throughout the administration of the Settlement as Class Counsel fields inquiries from the collective class and assists with any lost or un-delivered checks.

The resulting multiplier is 2.17, which falls well within the range of figures approved in the Sixth Circuit.

7. The Court **FINDS** that the payment of $1,763.17 to Class Counsel for costs is fair and reasonable and is **APPROVED**.

8. The Court **APPROVES** Rust Consulting as the Claims Administrator to perform duties in accordance with the terms of the Agreement.

9. The Court **FINDS** that the Notice to be provided to the Collective Members as set forth in the Agreement to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement. The Notice is accurate, objective, and informative and provides the Collective Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness. Thus, the Notice, attached to the Agreement as Exhibit 1, is **APPROVED**.

10. This **FINAL JUDGMENT** shall be binding on all Settlement Participants.

11. The Court hereby **DISMISSES** this lawsuit and all claims asserted therein **WITH PREJUDICE** in accordance with the Agreement.

12. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement.

13. The case is **CLOSED** and all pending motions are denied as moot.

    **IT IS SO ORDERED** this ___ day of _____, 2023.

/s/
JUDGE ALETA A. TRAUGER
United States District Judge

APPROVED:

s/ *Anne Bennett Hunter*
Anne Bennett Hunter, TN BPR# 022407
Hunter Law Firm
101 Creekside Crossing, Suite 1700-307
Brentwood, TN 37027
Phone: (615) 592-2977
Email: anne@hunteremploymentlaw.com


/s *James L. Simon*
James L. Simon (admitted *pro hac vice*)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, OH 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

*Attorneys for Plaintiff*